In re HAWAII MINI–STORAGE
SYSTEMS, INC., Debtor.

HAWAII MINI–STORAGE SYSTEMS,
INC., Ronald B. Cohen and Patrick
J. Ryan, Plaintiffs,

v.

John McCLELLAN, Defendant.

Bankruptcy No. 80–0005.

United States Bankruptcy Court,
D. Hawaii.

March 19, 1980.

John J. Rapp, Honolulu, Hawaii, for
plaintiffs.

Peter G. Wheelon, Honolulu, Hawaii, for
defendant.

JON J. CHINEN, Bankruptcy Judge.

On January 14, 1980, Hawaii Mini-Storage Systems, Inc., hereafter "Debtor", filed its petition in the Bankruptcy Court. Thereafter, on January 29, 1980, the Debtor, along with Ronald B. Cohen and Patrick J. Ryan, hereafter jointly referred to as Plaintiffs", filed a Complaint against John McClellan, hereafter "Defendant". On February 27, 1980, Defendant filed a Motion to Dismiss Complaint, To Abstain, and For Relief from Automatic Stay.

A hearing was held on Defendant's Motion on March 11, 1980, at which time Peter S. Wheelan and T. Nelson Rose represented Defendant, and John Rapp represented the plaintiffs. Mr. Gordon Nelson appeared on behalf of Ben Gromet and Michael S. Myers, who had brought a Complaint to Modify Stay against the Debtor in a separate proceeding. However, Mr. Nelson did not participate in the hearing.

Based upon the memoranda filed, the records herein and arguments of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. On December 6, 1979, the Plaintiffs filed in the First Circuit Court, State of Hawaii, Civil No. 59902, a Complaint against Defendant, identical to the Complaint filed herein.

2. In Civil No. 59902, Defendant filed his answer, counterclaim, and third-party complaint against a John McDermott on January 4, 1980. A demand for jury trial was made by the Defendant on January 9, 1980.

3. Plaintiffs served their answer to the counterclaim on January 26, 1980, and the third-party defendant filed his answer on February 4, 1980.

4. The allegations of the pleadings filed in the state court action relate essentially (1) to disputes among the individual plaintiffs and defendant concerning events leading up to the incorporation of the corporate plaintiff (now the debtor in the Chapter 11 proceeding) in August 1979 which involved the assistance of the third-party defendant, an attorney, and (2) to disputes between the individual plaintiffs and defendant thereafter. The pleadings include counts for breach of contract, fraud, misrepresentation, breach of fiduciary duty, and usury among others.

The dispute is primarily among the individual plaintiffs, Defendant and the third-party defendant. The need for Debtor's participation is insignificant.

5. After Plaintiffs had filed their Complaint and after Defendant had filed his answer, counterclaim and third-party complaint and a demand for jury trial in the State Circuit Court, Debtor, one of the Plaintiffs herein, filed its Petition for relief under Chapter 11 of the Bankruptcy Code on January 14, 1980.

6. On January 29, 1980, the Plaintiffs filed in the Bankruptcy Court a complaint against Defendant which was identical to the one they had filed in the State Circuit Court.

7. On February 27, 1980, Defendant filed his Motion to Dismiss Complaint, To Abstain, and For Relief from Automatic Stay. Defendant requests that the Complaint be dismissed since it does not plead the Bankruptcy Court's jurisdiction as required by Interim Rule 7002.

8. Defendant requests the Court to abstain from exercising jurisdiction of the Complaint to avoid multiplicity of suits and in the interest of justice. Defendant contends that not all of the parties to the state court action are subject to the jurisdiction of the Bankruptcy Court.

9. Defendant further requests that the automatic stay be lifted for the reasons stated above and also for the reason that the controversy between the two non-bankruptcy plaintiffs, Ryan and Cohen, and the Defendant is not a case or proceeding under Chapter 11 of the Code and therefore, the Bankruptcy Court has no jurisdiction over their claim.

10. Mr. Rapp, attorney for the plaintiffs, requests permission to amend the Complaint filed herein to allege jurisdiction.

11. Mr. Rapp acknowledges that the Bankruptcy Court has no jurisdiction over the claim involving Ryan and Cohen against Defendant. He has offered to dismiss Ryan and Cohen as Plaintiffs.

## CONCLUSIONS OF LAW

1. Jurisdiction of the Bankruptcy Court under the new Bankruptcy Code is provided by 28 U.S.C. § 1471 which states:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

2. Paragraphs (a) and (c) provide original and exclusive jurisdiction of the bankruptcy case, i. e., a cause of action created by the Code or an administrative matter where no adverse third party is involved. 1 *Collier on Bankruptcy* ¶ 3.01[1][d][ii] (15th Ed. 1979).

3. Paragraph (b) provides original but not exclusive jurisdiction for civil proceedings arising under the Code or arising in or related to cases under the Code. The complaint herein creates such a proceeding as between the Debtor and Defendant. Thus, the Bankruptcy Court has original but not exclusive jurisdiction.

4. The Report of the Committee of the Judiciary, United States Senate, accompanying S. 2266, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978) at 154, U.S.Code Cong. & Admin.News 1978, at 5787, 5940 comments on the abstention rationale:

> subsection (c) permits the bankruptcy court, in the interest of justice, to abstain from hearing a particular proceeding arising under title 11 or arising under and related to a case under title 11, and makes the abstention, or a decision not to abstain, nonreviewable. The subsection recognizes there may be cases in which it is more appropriate to have a State court hear a particular matter of State law.

5. Since the Bankruptcy Court does not have exclusive jurisdiction over the matters alleged in the complaint filed herein, it may abstain in the interest of justice.

6. The Debtor first chose the state court as its forum. There, the parties involved are the Debtor, Ronald B. Cohen and Patrick J. Ryan as Plaintiffs, John McClellan as Defendant, and John McDermott as third-party defendant.

In the Bankruptcy Court case, McDermott is not a party. This means that, if this Court exercises jurisdiction, there will be a multiplicity of suits. Since McDermott is not presently within the jurisdiction of this Court, any dispute involving McDermott must be resolved by the State court.

7. In addition the disputes among Ronald B. Cohen, Patrick J. Ryan, John McClellan and John McDermott involve breach of contract, fraud, misrepresentation, breach of fiduciary duty and usury, which have little or nothing to do with Debtor or its property. The Court thus finds that it is appropriate for the Court to abstain jurisdiction in this case.

8. Having abstained from exercising its jurisdiction, this Court does not decide the other two matters raised in Defendant's Motion.

An Order will be signed upon presentation.