**In re Wilmot E. SULZER and Jacqueline A. Sulzer, Debtor.**

**Bankruptcy No. 80–B–20024.**

**80–ADV–2066.**

United States Bankruptcy Court, S. D. New York.

Dec. 11, 1980.

Stanley N. Kutcher, Robert F. Fiske, Jr., U. S. Atty., Robert Abrams, Atty. Gen., State of N. Y., New York City, for L. Kellner & Co.

Steven C. Greene, Yonkers, N. Y., for Mancini & Computer Land; Harold Merren, White Plains, N. Y., of counsel.

Harvey S. Barr, Spring Valley, N. Y., for Marion Levy.

DECISION RE REMAND UNDER 28 U.S.C. § 1478(b).

HOWARD SCHWARTZBERG, Bankruptcy Judge.

This case involves the distribution of surplus money arising from the foreclosure and sale of the above–named debtors real estate in an action pending in the Supreme Court, State of New York, County of Westchester. The action in the State Court was removed to this court by Marion Levy, a fourth mortgagee, pursuant to 28 U.S.C. § 1478(a), which permits a party to remove claims or causes of action pending in a State Court to the Bankruptcy Court for the District where such civil action is pending.

Subsequent to removal, Marion Levy settled her claim with the second mortgagee, Computer Land Corp., the Assignee of the mortgage held by Danita L. Mancini. The settlement was based upon the proposition that the distribution of the surplus monies should be in accordance with the Findings of the Referee in the State Court. However, the third mortgagee, L. Kellner & Co. Inc. Profit Sharing Plan, opposes the distribution of these monies, despite the Findings already made in the State Court proceeding, on the ground that the mortgage held by the second mortgagee, Computer Land

Corp., is void by reason of usury. This issue could have been presented before the Referee in the State Court. Whether or not the third mortgagee is now foreclosed from raising this issue after the Findings prepared by the Referee, is a matter to be determined by the Referee. This issue is clearly a dispute between third parties and does not directly affect the interests of the estate of the above debtors. If there are any surplus funds available for distribution to unsecured creditors, such determination may be made by the Referee in the State Court. Since Marion Levy, as the party who removed this State Court action to the Bankruptcy Court, wishes no longer to proceed in the Bankruptcy Court, it follows that the Bankruptcy Court should allow the Referee in the State Court proceeding to determine whether or not, after having prepared his Findings, he should now entertain the claim of the third mortgagee, L. Kellner & Co. Inc. Profit Sharing Plan, that the mortgage given to the debtors by Danita L. Mancini, and subsequently assigned to Computer Land Corp., is void because of an alleged usurious interest.

This Court previously advised the parties at an earlier hearing that the proposed settlement by Marion Levy, the fourth mortgagee who removed the case to this Court, leaves this Court very little basis for determining the issue now raised by the third mortgagee vis-a-vis the second mortgagee. Indeed, there is a serious question as to whether or not a surplus money proceeding is a proper forum for raising the issue of usury, rather than in the foreclosure action preceding the surplus money hearing. More significantly, however, there also exists the fundamental question as to whether or not the third mortgagee, who was not privy to the second mortgage between the debtors, as obligors, and Danita L. Mancini, as mortgagee, may assert the alleged usury defense available to the obligors and not asserted by them or their trustee in bankruptcy, either in the foreclosure action or in the subsequent surplus money proceeding. The resolution of these issues should best be left to the State Court Referee, who is in a better position to interpret and determine these issues within the scope and finality of his Findings in the surplus money proceeding. See *In re Jewel Terrace Corp.,* 3 B.R. 36, 6 B.C.D. 28 (Bkrtcy.E.D.N.Y.1980).

There will be occasions where a case which is removed to a Bankruptcy Court should be remanded to the State Court whence it originated. Manifestly, this is such a case. In order to accomplish this purpose, Congress enacted 28 U.S.C. § 1478(b), permitting the Bankruptcy Court, in its discretion, to remand a claim or cause of action to the originating court on any equitable ground.

Accordingly, this court will not stay the consequences of the settlement between the fourth mortgagee and the second mortgagee, but will instead, remand the surplus money proceeding to the State Court and to the Referee superintending the distribution of the surplus money.

It is SO ORDERED.