In re Fred G. HESLAR, Debtor.

Joseph A. CHRYSTLER, Trustee, Plaintiff,

v.

Sandra A. HESLAR and Fred G. Heslar, Defendants.

Bankruptcy No. NK 80–03066.
Adv. No. 81–0009.

United States Bankruptcy Court, W. D. Michigan.

Dec. 31, 1981.

Stanley, Davidoff, Long & Gray, P. C., David Davidoff, Kalamazoo, Mich., for plaintiff.

Birkhold, Newland & Hord, Edgar A. Hord, Kalamazoo, Mich., for defendant Sandra A. Heslar.

Bergstrom, Slykhouse & Shaw, P. C., Robert L. Lalley, Jr., Grand Rapids, Mich., for defendant Fred G. Heslar.

## OPINION

DAVID E. NIMS, Jr., Bankruptcy Judge.

### JURISDICTION—ABSTAINING—DIVORCE PROCEEDINGS

Joseph A. Chrystler, the duly appointed, qualified and acting trustee in this case filed an adversary proceeding against Fred G. Heslar, hereafter Fred, the debtor, and his wife, Sandra A. Heslar, hereafter Sandra, for a determination of the rights and interests of the parties to this proceeding in the sum of $9,762.52, representing one-half of the net equity of Fred and Sandra in the proceeds of a parcel of real estate previously held by them as tenants by the entireties, which has been sold by the trustee.

On May 31, 1979, Sandra filed a complaint for divorce in the Circuit Court for the County of Kalamazoo, Michigan. Fred filed an answer on June 19, 1979, and a counter-complaint on March 17, 1980. Trial of the divorce case has been held but a motion to reopen proofs is pending.

On September 29, 1980, Fred filed his petition for an order for relief under Chapter 7 of Title 11 of the United States Code.

An order of this Court dated November 28, 1980, allowed the sale of the property, but provided for the following procedure as to the proceeds:

"(a) One-half of said net equity shall be paid and turned over to Ralph O. Birkhold, attorney for Sandra A. Heslar, and shall be held free and clear of any interest therein on the part of Joseph A. Chrystler, Trustee.

(b) That the other one-half of the net equity in said real estate shall be paid and turned over to Joseph A. Chrystler, Trustee, to be held in trust by him pending the determination by a Court of competent jurisdiction of the interest in said entireties real estate of Fred G. Heslar, Debtor, and Joseph A. Chrystler, the Trustee of said Debtor. The said trust fund shall be held by the Trustee in an interest bearing account pending the Court determination of the ownership of said fund."

Under the Bankruptcy Act of 1898, it was held that the prior commencement of divorce proceedings in a state court involving the debtor would operate to deprive the Bankruptcy Court of jurisdiction over the property of the debtor. In *In re Washington*, 623 F.2d 1169 (6th Cir., 1980), the court stated:

"It is a well settled rule that where property is claimed by a bankruptcy trustee after the commencement of an in rem action in state court, the state court retains jurisdiction of the property for completion of the proceedings relating to it. While subject to some important exceptions not relevant here, this rule is merely a specific application of the general rule that where two in rem or quasi in rem actions are brought, one in state court, the other in federal court, the first court to assume jurisdiction over the property which is the subject of the two suits may maintain and exercise jurisdiction to the exclusion of the other." 623 F.2d at 1170–1 (citations omitted)

In a footnote, however, the court noted that its holding might have been different had the jurisdiction of the Bankruptcy Court over the property been exclusive. 623 F.2d at 1171, n. 2. Under the Bankruptcy Code, such a grant of exclusive jurisdiction is made in 28 U.S.C. § 1471(e).

"The Bankruptcy Court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

Section 1471(e) of Title 28 of the United States Code is modeled after the exclusive grant of jurisdiction over the property of the debtor in the Rehabilitation chapters of the Bankruptcy Act. 1 *Collier on Bankruptcy*, ¶ 3.01[1][g], at p. 3–52 (15th ed. 1980). The Supreme Court held in *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940) that such an exclusive grant of jurisdiction operated to deprive a state court of jurisdiction even where its jurisdiction was asserted prior to the commencement of the bankruptcy proceedings.

"The Constitution grants Congress exclusive power to regulate bankruptcy and under this power Congress can limit the jurisdiction which courts, State or Federal, can exercise over the person and property of a debtor who duly invokes the bankruptcy law. If Congress has vested in the bankruptcy courts exclusive jurisdiction over farmer-debtors and their property, and has by its Act withdrawn from all other courts all power under any circumstances to maintain and enforce foreclosure proceedings against them, its Act is the supreme law of the land which all courts—State and Federal—must observe." 308 U.S. at 439, 60 S.Ct. at 346.

■ This Court's jurisdiction over the property in question does not, however, prevent it from abstaining from addressing a particular question where it appears that justice would be served by so doing. 28 U.S.C. § 1471(d) provides:

"Subsection (b) or (c) of this section does not prevent district courts or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular pro-

ceeding arising under Title 11 or arising in or related to a case under Title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise."

■ Abstention is appropriate even where the Bankruptcy Court's jurisdiction is exclusive. In *Thompson v. Magnolia Petroleum Co.*, 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876 (1940), cited in the legislative history of 28 U.S.C. § 1471(d), the Supreme Court found that the Bankruptcy Court had summary and, therefore, exclusive jurisdiction over the question of title to a piece of property which the debtor claimed by adverse possession. Nevertheless, abstention was held to be appropriate:

"A court of bankruptcy has an exclusive and non-delegable control over the administration of an estate in its possession. But the proper exercise of the control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to state courts of particular controversies involving unsettled questions of state property law and arising in the course of bankruptcy administration." 309 U.S. at 483, 60 S.Ct. at 630.

While *Magnolia* specifically involved an unsettled question of state law, the legislative history of Section 1471(d) indicates that it was intended to apply to situations "when determination of an issue is best left to a court that decides similar issues regularly, especially if the issue is one that requires a particular expertise that the bankruptcy court does not have." H.R.Rep.No.595, 95th Cong., 1st Sess. 51 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6012.

Since the adoption of the Bankruptcy Code in 1978, a few bankruptcy courts have elected to abstain.

In *In re Jewel Terrace Corp.*, 3 B.R. 36 (Bkrtcy., E.D., N.Y., 1980), a debtor in possession filed an adversary proceeding against a tenants' league for the turnover of funds on hand and for an accounting. A proceeding had been commenced in the Civil Court of N.Y., Housing Part, prior to the filing of the petition for relief in the bankruptcy court. The bankruptcy judge chose to abstain because of the expertise of the state housing court.

In *In re Hawaii Mini-Storage Systems, Inc.*, 4 B.R. 489 (Bkrtcy., D.Hawaii, 1980), a suit was filed in the State Court because of disputes arising out of the events that led to the incorporation of the debtor, one of the plaintiffs to the action. A similar complaint was filed in the bankruptcy court. That court found the debtor's participation to be insignificant and abstained.

In *In re Sulzer*, 7 B.R. 475 (Bkrtcy., S.D., N.Y., 1980), in abstaining in a surplus money proceeding, the court said:

"There will be occasions where a case which is removed to a Bankruptcy Court should be remanded to the State Court whence it originated. Manifestly, this is such a case. In order to accomplish this purpose, Congress enacted 28 U.S.C. Sec. 1478(b), permitting the Bankruptcy Court, in its discretion, to remand a claim or cause of action to the originating court on any equitable grounds."

In *In re Kimrey*, 10 B.R. 466 (Bkrtcy., M.D., N.C., 1981), debtors filed a petition for relief under Chapter 13. The debtor wife filed an adversary proceeding against the executor of her father's estate claiming that a portion of the funds in a C.D. belonged to her. The Court, in abstaining, noted that State Statutes provided that the Superior Court Division had exclusive jurisdiction over administration of decedents' estates, that state law, would be determinative and the state statute had many ambiguities and case law was not clear.

■ Divorce and domestic relations are areas which have traditionally been left to the states. *Ex parte Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *In re Universal Profile, Inc.*, 2 C.B.C.2d 1221 (Bkrtcy., N.D., Ga., 1980). The property settlement in a divorce may not be neatly separated from the divorce itself. While the Michigan divorce statute no longer requires an allegation of fault, Mich.Comp. Laws § 552.6 [Mich.Stat.Ann. § 25.86 (Callaghan)], it may still be considered by the

court in making a property division. *Chisnell v. Chisnell*, 82 Mich.App. 699, 267 N.W.2d 155 · (1978); *Kretzschmar v. Kretzschmar*, 48 Mich.App. 279, 210 N.W.2d 352 (1973). A property settlement therefore requires an examination of the facts underlying the breakdown of the marital relationship. Furthermore, the court making a property settlement must inquire into the need for support, the respective contributions of the parties, prospects of future income, and other factors. In short, a property settlement involves an inquiry into factors regularly considered by state courts in divorce proceedings, an inquiry which I would find is best left to the state courts.

State law provides ample jurisdiction to Circuit Courts for the disposition of property of the parties to a divorce action. These courts handle divorces on a daily basis. The expertise of Circuit Judges in the family law field extends not only to legal problems but also to the disciplines of psychology and sociology. Specially trained personnel and the organization of the Court functions are geared to the protection of the rights of not only the parties themselves but also those of the children· of the marriage and other family members.

In no other field does abstention better serve the interests of the parties and other interested persons than in that of domestic relations law.

This Court, therefore, abstains from any determination as to the right of the parties to the fund on hand and will only enter such orders as may be appropriate in implementing the orders of the State Courts.