### In re AMERICAN COMPUTER AND TELECOMMUNICATIONS CORPORATION, Debtor.

**JENSEN ELECTRONICS, INC., Plaintiff,**

**v.**

**AMERICAN COMPUTER AND TELECOMMUNICATIONS CORPORATION and Thomas K. Allen and Stephen Thomas Schaffert, Defendants.**

Bankruptcy No. 81–01269–A.
Adv. No. 82–0116–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Oct. 29, 1982.

William E. Findler, Arlington, Va., for defendants American Computer and Telecommunications Corp. and Thomas K. Allen.

Douglas K. Spaulding, Springfield, Va., James E. Cervenak, Woodbridge, Va., for plaintiff.

J. Philip Kessel, Arlington, Va., Joseph Whaley, Rockville, Md., for defendant Schaffert.

## MEMORANDUM OPINION AND ORDER

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

Jensen Electronics, Inc. ("Jensen") has filed an amended complaint stating causes of action for fraud, breach of warranty, breach of contract, negligence and violation of a Virginia statute against the debtor, American Computer and Telecommunications Corporation ("ACT"), and has included as a defendant on the fraud, negligence and statutory counts Thomas K. Allen, the president of the debtor. Thomas K. Allen has moved the Court to dismiss him as a defendant, asserting lack of subject matter jurisdiction. There is pending also before the Court a motion of Jensen to dismiss the counterclaim filed by Thomas K. Allen.

Under 28 U.S.C. § 1471, this Court has jurisdiction in all "civil proceedings arising under Title 11 or arising in or related to cases under Title 11". Since this aspect of the complaint involves only Jensen and Thomas K. Allen individually, it cannot arise *under* Title 11. The only basis for jurisdiction, therefore, would be that the matter arises "in or related to" a case under Title 11. 28 U.S.C. § 1471. In its brief in opposition to the motion for dismissal, Jensen states that the jurisdictional connection between Thomas K. Allen and the debtor, ACT, is that of joint tortfeasor on the fraud and negligence claims. Jensen's brief asserts that this connection makes the claim against Allen related to the claim of the plaintiff Jensen to recover money damages from the debtor.

The Court, having reviewed the entire record in this case and the briefs filed by the parties, and having heard arguments of counsel in open court, finds that there is in the complaint no allegation of financial entanglement of the debtor with Mr. Allen so as to require Mr. Allen to be joined in any claim for relief against the debtor. There are no allegations that Mr. Allen and the debtor are alter egos or that either is attempting to use the corporate entity to defraud the plaintiff. Nor has the plaintiff requested that the corporate veil be pierced. The Court finds further that Mr. Allen does not consent to the jurisdiction of this Court, and that no assets of the debtor would be involved in proceedings against Mr. Allen personally.

The Court, accordingly, having concluded that it lacks subject matter jurisdiction over the claims of Jensen against Thomas K. Allen, IT IS

ORDERED, that Thomas K. Allen be, and he hereby is, dismissed as a defendant in this case, and that the counterclaim filed by said Thomas K. Allen herein likewise be, and it hereby is, dismissed.