512

In re AMERICAN COMPUTER AND
TELECOMMUNICATIONS
CORPORATION, Debtor.

JENSEN ELECTRONICS, INC., Plaintiff,

v.

AMERICAN COMPUTER AND TELE-
COMMUNICATIONS CORPORATION,
and Thomas K. Allen, and Stephen
Thomas Schaffert, Defendants,

and

Adsoft, Inc., Defendant-Intervenor.

Bankruptcy No. 81–01269–A.
Adv. No. 82–0116–A.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Jan. 17, 1983.

James E. Cervenak, Woodbridge, Va., and Douglas Spaulding, Springfield, Va., for plaintiff.

William E. Findler, Arlington, Va., and Andrew Bisulca, Falls Church, Va., for debtor and defendant Thomas K. Allen.

J. Philip Kessel, Arlington, Va., and Joseph R. Whaley, Rockville, Md., for defendants Schaffert and Adsoft, Inc.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Bankruptcy Judge.

The issues here arise from three pre-trial motions, as follows: (1) motion of the defendant debtor ("ACT") to dismiss counts I and IV of the amended complaint[1]; (2) motion of defendant Stephen Thomas Schaffert and defendant-intervenor Adsoft, Inc. ("Adsoft") to dismiss Counts I, IV and VII of the amended complaint and to dismiss Schaffert as a defendant; and (3) motion of plaintiff Jensen Electronics, Inc. ("Jensen") for reconsideration of the Court's order, 24 B.R. 150 (Bkrtcy.1982) dismissing Thomas K. Allen ("Allen") from the proceeding.

The Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), declared unconstitutional the broad grant of jurisdiction to bankruptcy judges contained in the Bankruptcy Reform Act of 1978. Although the Supreme Court stayed the effect of its decision for several months, that stay expired on December 24, 1982. This jurisdictional provision, originally enacted as Section 241 of the Bankruptcy Reform Act, later was codified as 28 U.S.C. § 1471. Specifically, the decision in *Marathon, supra,* held invalid the grant of jurisdiction to hear matters "related to" a bankruptcy case. Some of the motions before the Court in this proceeding involve claims that properly can be characterized only as "related to" ACT's bankruptcy case. This Court is now operating under the Rule of the United States District Court for the Eastern District of Virginia, dated December 24, 1982. Accordingly, as to these motions involving claims which properly must be characterized only as "related to" ACT's bankruptcy case, this opinion will be limited to recommended determinations as to the issues involved.

■ In the interest of clarity, the Court considers first the plaintiff's motion for reconsideration of the dismissal of Allen as a defendant.

In support of its motion, Jensen relies upon the broad jurisdiction conferred upon bankruptcy courts by the Bankruptcy Reform Act of 1978. The relevant provision, 28 U.S.C. § 1471(b), states that bankruptcy courts shall have "original but not exclusive jurisdiction of all civil proceedings ... arising in or related to cases under title 11." 28 U.S.C. § 1471(b). Jensen contends that its claims against Allen are "related to" a case under title 11 as a result of Jensen's assertion that Allen is a joint tortfeasor with ACT. Accordingly, Jensen argues that policy considerations of judicial economy require the Court to retain jurisdiction over the claims against Allen.

Two of the plaintiff's claims against Allen, those of fraud and of negligence, are common law claims sounding in tort. The basis upon which the plaintiff included Allen as a defendant was its assertion that he is a joint tortfeasor with ACT and, thus, potentially jointly and severally liable for any recovery. The basis for joinder on a third claim, violation of Virginia Code § 18.2–216, appears to be an allegation that both Allen and ACT violated the statute. The claims which Jensen asserts against Allen are strictly state law in nature, two being traditional common law actions and the third alleging violation of a Virginia statute. These claims could have been adjudicated here only under the nonexclusive, concurrent jurisdiction of the bankruptcy court as claims "related to" a case under the Bankruptcy Code.

In its previous Order of October 29, 1982, dismissing Allen as a defendant, this Court

---

1. The debtor combined with this motion, filed October 29, 1982, a motion of its president, Thomas K. Allen, requesting dismissal as to him of counts I, IV and VII of the amended complaint. This motion apparently was filed prior to entry on the same date as an order of the Court dismissing Thomas K. Allen as a defendant in this proceeding. Although the motion became moot when the Court dismissed Allen, the supporting arguments are relevant to the plaintiff's motion for reconsideration of that dismissal and will be considered in connection with plaintiff's motion.

determined that it lacked subject matter jurisdiction over the claims against Allen. The Court's rationale then was that in the absence of financial connections between Allen and the debtor or assertions of vicarious liability the claims against Allen were not sufficiently "related to" the debtor's bankruptcy case to confer jurisdiction on this Court. Plaintiff Jensen filed its motion for reconsideration before the decision in *Marathon, supra,* took effect. Accordingly, the Court will consider the chief arguments presented by Jensen in support of the aforesaid motion.

Jensen draws the Court's attention to *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a leading case on the subject of a federal court's pendent jurisdiction over state or common law claims. The *Gibbs* case involved violation of a federal labor relations statute and state claims of conspiracy and unlawful boycott. *Id.* The Supreme Court, in *Gibbs,* stated as criteria for federal court jurisdiction that the claims must share a "common nucleus of operative facts" and the relationship between the federal and state claims also must permit the conclusion that the action comprises but one case. *Id.* at 725, 86 S.Ct. at 1138. However, "[t]he federal claim must have substance sufficient to confer subject matter jurisdiction on the court." *Id.* This is not only an important but a crucial caveat.

The instant adversary proceeding presents no "federal claim." Defendant ACT is undergoing reorganization under Chapter 11 of the Bankruptcy Reform Act. ACT's assets are thus under the control of this Court, and claims against ACT properly fall within the Court's jurisdiction. Defendant Allen, however, is not a debtor in this Court. The only basis for jurisdiction asserted is that of joint tortfeasor. Joint tortfeasors are not necessary but merely permissive parties under Rule 19 of the Federal Rules of Civil Procedure. Their joinder or dismissal, therefore, is a matter for the court's discretion. Fed.R.Civ.P. 19, Notes of Advisory Committee on Rules; Wright and Miller, *Federal Practice and Procedure,* § 1623 (1972).

Jensen has cited to the Court three cases in which bankruptcy courts chose to exercise their full Section 1471 jurisdiction over matters "related to" cases under Title 11. In one of these, *In re Brothers Coal Co., Inc.,* 6 B.R. 567 (Bankr.W.D.Va.1980), however, the non-debtor defendant was a guarantor of the debtor's obligations. Another involved charges of collusion and fraud between the debtor and one of the non-debtor defendants. *In re Zamost,* 7 B.R. 859 (Bankr.S.D. CA 1980). *Zamost* further involved the question of dischargeability of the debt, a strictly bankruptcy determination pre-empted by Congress to the bankruptcy courts and thus a purely federal question. The third case, *In re White Motors Credit Corp.,* 11 B.R. 294 (Bankr.N.D. Ohio 1981) did not involve non-debtor defendants.

On the basis of the discussion above, therefore, this Court would have denied Jensen's motion for reconsideration of the dismissal of Allen as a defendant here even in the absence of the ruling by the Supreme Court in *Marathon, supra.* Accordingly, it is the recommendation of this Court that the motion be denied.

Defendant Schaffert also has moved for dismissal of the claims against him based on this Court's dismissal of Allen. The considerations which warrant the dismissal of Allen apply equally to defendant Schaffert, who is simply a former employee of the debtor. Accordingly, it is recommended that Schaffert's motion for dismissal be granted.

Plaintiff Jensen in this adversary proceeding seeks damages against the defendant-debtor ACT and, in addition, has filed a claim in ACT's bankruptcy case. Accordingly, the complaint as a whole is not a civil proceeding "related to" a case under the Bankruptcy Reform Act of 1978 (11 U.S.C. § 101 *et seq.*). The Court, therefore, considers the remaining motions as properly being within its jurisdiction and makes the following rulings.

■ Defendant ACT and defendant-intervenor Adsoft seek dismissal of Count I of the amended complaint alleging fraud on

the ground that the complaint does not state the alleged fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. *See* Rule 9(b) Fed.R. Civ.P. and Rule 709 Rules of Bankruptcy Procedure. This rule requires that the complaint set forth the facts constituting the alleged fraud in sufficient detail to inform the defendant fairly of the charges made against him. If, therefore, under the circumstances of the case, it appears that the defendant does in fact have notice of the matters of which the plaintiff complains, the complaint may be deemed sufficient. *See Picture Lake Campground v. Holiday Inns, Inc.,* 497 F.Supp. 858, 866–67 (E.D.Va. 1980).

In the instant case, the complaint states times, places and the contents of the alleged fraudulent misrepresentation in conformity with the generally-accepted interpretation of the particularity requirement. *See* 2A *Moore's Federal Practice,* ¶ 9.03 at 920–24 (2d ed. 1979); Wright and Miller, *Federal Practice and Procedure,* § 1297 at 403–404 (1969). Accordingly, defendant ACT's motion to dismiss count I of the amended complaint is denied.

Defendant ACT further seeks dismissal of count IV of the amended complaint, Jensen's claim for negligence. In support of its motion ACT merely adopts the grounds offered by defendant Schaffert and defendant-intervenor Adsoft; ACT asserts no independent ground for dismissal. Schaffert and Adsoft, however, assert as the basis for their motion only the absence of privity of contract between themselves and the plaintiff Jensen. This ground for dismissal is not applicable to defendant ACT which, in fact, executed the sales contract for the transaction at issue herein. Accordingly, ACT's motion to dismiss count IV of the amended complaint is denied.

Defendant-intervenor Adsoft has filed a motion to dismiss counts I, IV and VII of the amended complaint. Adsoft appears in this proceeding for the sole purpose of protecting its rights as the purchaser from ACT of the computer software which plaintiff Jensen seeks to obtain in the specific performance count of the amended complaint. Nothing in the amended complaint suggests that Adsoft played any role in the sales transaction between Jensen and ACT. Accordingly, the motion of Adsoft to dismiss as to itself counts I, IV and VII of the amended complaint is granted. Adsoft will remain in the proceeding on the remaining counts.

Prevailing counsel should prepare Orders in accordance herewith for presentation to the district court, along with this Memorandum Opinion, for the related matters and for entry by this Court as to the non-related matters.