767 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
IN RE CHARLES MACK PERKINS, DEBTOR.
 NO. 84-5802
 United States Court of Appeals, Sixth Circuit.
 6/5/85
 
 M.D.Tenn.
 VACATED IN PART AND AFFIRMED IN PART
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: JONES and KRUPANSKY, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This bankruptcy dispute concerns disposition of a car and a house as between Carol Perkins, plaintiff-appellant, and the bankruptcy estate of her ex-husband Charles Perkins. After an evidentiary hearing, the bankruptcy court found as matter of fact that the property belonged solely to Carol Perkins. The district court reversed the bankruptcy court and awarded the property to Charles Perkins' bankruptcy estate. We conclude that the bankruptcy court's finding was not clearly erroneous and, therefore, we vacate the district court and affirm the bankruptcy court.
 
 
 2
 The material events of this dispute began on April 13, 1982, when Carol Perkins filed a divorce complaint in the Chancery Court for Wilson County, Tennessee. On the morning of September 22, 1982, on which the divorce complaint was scheduled for trial, her husband filed for protection under Chapter 13 of the federal Bankruptcy Code. On November 2, 1982, Charles Perkins moved to convert his Chapter 13 reorganization proceeding into a Chapter 7 liquidation proceeding. On January 31, 1983, the Chancery Court granted a final decree of divorce to Carol and Charles Perkins. Most significantly for this appeal, the divorce decree awarded Carol Perkins a 1979 Chevrolet Impala and a house as alimony.
 
 
 3
 On February 2, 1983, Carol Perkins initiated this action in the bankruptcy court in part seeking a declaration that the alimony was nondischargeable in bankruptcy. On December 30, 1983, the bankruptcy court entered an order to the effect that the Tennessee divorce decree would not operate to transfer property to Carol Perkins from Charles Perkins' bankruptcy estate. The bankruptcy court also ordered an evidentiary hearing, however, because it found 'no evidence to substantiate the estate's interest' in the house and automobile.
 
 
 4
 On March 1, 1984, the bankruptcy court held the evidentiary hearing. The bankruptcy court reviewed testimony, stipulations, and the entire records of both the Tennessee Chancery Court and the bankruptcy court. It particularly considered 'the family history of the debtor and his ex-wife' and 'the contribution made by Mrs. Perkins during the parties' marriage.' The bankruptcy court's final order in this matter, entered April 24, 1984, succinctly stated the resulting finding of fact: 'the home and lot and automobile are property of the plaintiff [Carol Perkins] and, therefore, not property of the estate.'
 
 
 5
 On appeal, the district court reversed this finding in a brief opinion that we do not believe can be upheld. First, the district court was actually reviewing a factual finding by the bankruptcy court. It stated, as though merely expressing a stipulated fact, that the contested property was held by Carol and Charles Perkins as tenants by the entirety. This striking reversal of the bankruptcy court was unsupported either by reasoning or reference to the record evidence. Second, the district court could not have reserved the bankruptcy court's factual finding as a result of a review of the evidence in its entirety, as required by United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The transcript of the bankruptcy proceedings was not filed with the district court until after it had entered its order. Third, the district court ignored its own Local Rule 17, which provides that when an appellant from the bankruptcy court fails to provide a transcript of the proceedings below, summary affirmance will result. In sum, the district court could not properly have found that the bankruptcy court's factual findings were clearly erroneous.
 
 
 6
 On appeal to this Court, we apply the clearly erroneous standard to the bankruptcy court's findings of fact; the district court's factual and legal rulings are both subject to plenary review. See Universal Minerals, Inc. v. C.A. Hughs & Co., 669 F.2d 98, 101-02 (3d Cir. 1981); Bankruptcy Rule 8013. The bankruptcy court's findings of fact are clearly erroneous if, upon review of the evidence in its entirety, we are left with the definite and firm conviction that a mistake has been committed. See United States Gypsum Co., 333 U.S. at 395: In Re Wingfield, 15 B.R. 647, 649 (W.D. Okl. 1981).
 
 
 7
 The appellees Charles Perkins and his bankruptcy trustee Richard Cummings are silent regarding the factual basis for Charles Perkins' alleged ownership of the house. They state that both legal and equitable title to the automobile belonged to Charles Perkins at the time he filed for bankruptcy, but do not indicate record evidence that supports this proposition. The bankruptcy court did consider the entire record before it when making its factual findings. We are not left with a definite and firm conviction that the bankruptcy court erred in ruling that the contested property never belonged to the bankruptcy estate.
 
 
 8
 A second matter deserves attention. The bankruptcy court's first order in this controversy declared that the Tennessee Chancery Court's 'divorce decree is null and void to the extent that it orders property of the [bankruptcy] estate to Ms. Perkins.' The district court summarily affirmed this highly questionable proposition. We know of no authority under which a federal bankruptcy court may declare a state court's divorce decree null and void. As one bankruptcy court in our circuit recently noted:
 
 
 9
 Divorce and domestic relations are areas which have traditionally been left to the states. The property settlement in a divorce may not be neatly separated from the divorce itself.
 
 
 10
 In Re Heslar, 16 B.R. 329, 332 (W.D. Mich. 1981). We approve of the bankruptcy court's holding in Heslar that in domestic relations law '[a]bstention is appropriate even where the Bankruptcy Court's jurisdiction is exclusive.' Id. The bankruptcy court in Heslar determined that it would 'only enter such orders as may be appropriate in implementing the orders of the State Courts.' Heslar, 16 B.R. at 333.
 
 
 11
 Despite the force of its first order in the present case, the bankruptcy court ultimately adopted a similar course. Its second order held that the Chancery Court's divorce decree 'is in all respects confirmed.' Upon further consideration, the bankruptcy court entered the third and final order that alone is before us on appeal. This order held that the Chancery Court erred in characterizing the house and car as alimony when 'it should have been more properly characterized as a determination of the plaintiff's [Carol Perkins'] interest in that property.' Thus, by a rather indirect route, the bankruptcy court arrived at the proper conclusion and entered an order implementing the state court's divorce decree. We expressly disapprove of any belief the bankruptcy court may continue to harbor that it is empowered either to render state divorce decrees 'null and void' or to 'confirm' them. In the present case, however, the bankruptcy court remedied its own errors.
 
 
 12
 For the foregoing reasons the district court's order is VACATED in its entirety and the bankruptcy court's order of April 24, 1984 is AFFIRMED.