In re Lawrence **MURRAY**, Debtor.

Cheryl **MURRAY**, Plaintiff,

v.

Lawrence **MURRAY**

and

Jonathan H. Ganz, Esquire, Trustee in Bankruptcy for Lawrence Murray, Defendants.

Bankruptcy No. 83–01030G.
Adv. No. 83–1319G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 14, 1983.

Philip A. Gasteier, Cohen, Shapiro, Polisher, Shiekman & Cohen, Philadelphia, Pa., for plaintiff, Cheryl Murray.

Edward Silver, Philadelphia, Pa., for the defendant/debtor, Lawrence Murray.

Jonathan H. Ganz, Philadelphia, Pa., defendant/trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem confronting us appears to be one of first impression in this district. The plaintiff and the debtor were married.[1] On July 14, 1980, the plaintiff instituted an action against the debtor in the Court of Common Pleas of Delaware County, Pennsylvania, in which she sought a divorce from the debtor, equitable distribution of the marital property of the parties and an award of alimony, counsel fees and costs. The state court ordered bifurcation of the divorce and economic issues and, on February 3, 1982, a divorce decree was entered dissolving the marriage, but reserving decision with regard to the remaining issues which were referred to a Master for determination.

Proceedings before the Master had been substantially completed when the debtor filed a chapter 7 petition on March 11, 1983. The final hearing before the Master, scheduled for March 14, 1983, did not take place due to the automatic stay imposed by § 362(a) of the Bankruptcy Code ("the Code").

Prior to their divorce, the plaintiff and the debtor owned, as tenants by the entireties, a residence located at 246 Valley Road, Media, Pa. As a result of the divorce de-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

cree the interests of the plaintiff and the debtor in said residence became that of tenants in common. On May 16, 1983, the plaintiff instituted the instant adversary proceeding, seeking relief from the automatic stay imposed by § 362 so that she might proceed with "all proper actions necessary to collect and enforce defendant's obligations for alimony, maintenance, or support ... including but not limited to postpetition wages, commissions and other compensation due the debtor ...."

Section 362(a) provides that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—

(1) the commencement or continuation of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1).

Subsection (b) of § 362 then provides that:

(b) The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—

(2) under subsection (a) of this section, of the collection of alimony, maintenance, or support from property that is not property of the estate;

11 U.S.C. § 362(b)(2).

It appears clear that Congress did not intend that a debtor's spouse or former spouse should be enjoined from attempting to collect alimony, maintenance or support payments from property that is not property of the debtor's estate. Such payments

are excepted from discharge under § 523(a)(5) if owed "to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, ..." 11 U.S.C. § 523(a)(5).

■ We will therefore modify the automatic stay imposed by § 362(a) by permitting the debtor's wife to proceed before the Master, appointed by the state court in the divorce proceeding, to obtain an adjudication of the awards of alimony, counsel fees and costs, maintenance and support of their children, and by permitting the plaintiff to seek collection of such awards from the debtor's non-exempt property or from property acquired by the debtor after the case had been commenced.

■ But the question with respect to the partition of the realty owned by the parties calls for a different disposition. The filing of the instant bankruptcy petition terminated the jurisdiction of the divorce court over the nonexempt assets of the spouses.[2] Instead, the jurisdiction of the bankruptcy court becomes exclusive under section 541(a) of the Code which provides that:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C. § 541(a)(1).

Where, as in the case at bench, the debtor holds property as a tenant in common, his

---

**2.** *Collier on Bankruptcy* provides:

Frequently, a bankruptcy case is commenced by one spouse during the pendency of a dissolution or divorce proceeding. The bankruptcy petition terminates the jurisdiction of the divorce or dissolution court over, at least, the non-exempt assets of the spouses until all creditors are paid in full. The jurisdiction of the bankruptcy court is exclu-

sive because the initiation of divorce or dissolution proceedings does not terminate either spouse's management and control over community property by placing the community property in custodia legis of the divorce court.

4 Collier on Bankruptcy ¶ 541.15 at 541–72.3 (15th ed. 1982).

undivided interest becomes property of the estate under § 541(a)(1). Moreover, section 363(h) of the Code permits the sale of property which is jointly owned without regard to consent or applicable non-bankruptcy law. *See* Collier on Bankruptcy ¶ 363.09 at 363–30 (15th ed. 1982). That section provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, immediately before the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> > (1) partition in kind of such property among the estate and such co-owners is impracticable;
> >
> > (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> >
> > (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> >
> > (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

11 U.S.C. § 363(h).

Consequently, we foresee no benefit, as does the plaintiff, in allowing the Master to make a finding and recommendation to the state court as to the ownership interests in the realty in question vis-a-vis the debtor and the plaintiff. Such a finding would have no effect on this court. At least fifty percent of the interest in the subject property (the debtor's share) now undisputedly belongs to the debtor's estate and the creditors thereof and, more importantly, the trustee in bankruptcy has the power to sell 100% of the property in question pursuant to section 363(h), *supra,* without regard to the provisions of the Pennsylvania divorce law. Whatever interest the plaintiff might

have in the realty in question must await the eventual disposition of said property by the bankruptcy court.

Accordingly, we will not modify the automatic stay imposed by § 362(a) insofar as it relates to the sale and distribution of premises located at 246 Valley Road, Media, Pennsylvania. That issue will remain under the jurisdiction of the bankruptcy court.