**In re Cherylanne M. CAUSA, Debtor.**

**Bankruptcy No. 87–00035T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 6, 1988.

---

410

Kurt Althouse, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for movant.

John A. Goldstan, Goldstan & Goldstan, Reading, Pa., for debtor.

Charles J. Phillips, Mogel, Speidel, Bobb & Kershner, Reading, Pa., for trustee.

Alan M. Seltzer, Ryan, Russell & McConaghy, Reading, Pa., trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

Presently before us is a motion filed by movant, Jack Causa ("movant"), requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1) to pursue an equitable distribution proceeding in state court.[1] No testimony or evidence was

---

1. Alternatively, movant requests that we enter an order under 11 U.S.C. § 554(b) requiring the trustee to abandon the jointly owned real property which is the subject of the equitable distri-

presented by either party at the hearing held on this matter, but a stipulation of facts has been filed. Because we find, on such facts, that movant has not met his initial burden of establishing a prima facie case for relief under 11 U.S.C. § 362(d)(1), we deny his motion.

Movant and debtor, Cherylanne M. Causa ("debtor"), are husband and wife. Prior to the commencement of debtor's bankruptcy case, divorce proceedings were instituted in state court between movant and debtor. Movant requests that we grant him relief from the automatic stay so that the equitable distribution proceeding may proceed in state court.

 Movant bases his § 362(d)(1) motion upon the argument that bankruptcy courts should refrain from deciding equitable distribution matters in deference to the state courts. However, this argument was expressly rejected by this court in *In re Wilson*, 85 B.R. 722, 17 B.C.D. 750, B.L.D. ¶ 72,292 (Bankr.E.D.Pa.1988) and *In re Ziets*, 79 B.R. 222, 17 C.B.C.2d 1160 (Bankr. E.D.Pa.1987). As was stated by Judge Fox in *In re Wilson, supra* at 728: "[t]he underlying premise of *Ziets* is that relief from the automatic stay, under § 362(d), should not be ordered simply because the movant wishes to litigate the question of equitable distribution in state court. Otherwise, § 362(b) would have so stated."

Rather, in order to be entitled to relief from the automatic stay under 11 U.S.C.

§ 362(d)(1), the moving party has the initial burden of evidence production to establish a prima facie case for relief. To meet this burden, the moving party must introduce some evidence to establish that the "balance of hardships" tips in his favor. *In re Ziets, supra; In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005 (Bankr.E.D. Pa.1987); *In re Stranahan Gear, Inc.*, 67 B.R. 834 (Bankr.E.D.Pa.1986). Since movant has failed to present any evidence to meet his initial burden of production under 11 U.S.C. § 362(d)(1), his motion for relief from the automatic stay must be denied.[2]

An appropriate order will follow.

### ORDER

AND NOW, this 6th day of December, 1988, it is hereby ORDERED that: (1) the motion filed by movant, Jack Causa ("movant") requesting relief from the automatic stay under 11 U.S.C. § 362(d)(1) is DENIED; and (2) the motion filed by movant requesting an order pursuant to 11 U.S.C. § 554(b) requiring the trustee to abandon the real property is DENIED; and (3) the motion filed by movant requesting abstention under 28 U.S.C. § 1334(c)(1) is DENIED.

---

bution proceeding. Although movant *alleges* that the real property is burdensome and of inconsequential value and benefit to the estate, debtor and the trustee deny these allegations. Additionally, the parties stipulated that approximately $30,000.00 in equity exists in the property. Since movant has presented no evidence to support his request for abandonment, this request must be denied.

Furthermore, movant's motion contains a paragraph which requests that we abstain from deciding the equitable distribution issue. As neither party has briefed the abstention issue, we simply note that the Pennsylvania law of equitable distribution is neither unsettled nor difficult. Hence, abstention is not warranted under 28 U.S.C. § 1334(c)(1). *In re Wilson*, 85 B.R. 722, 17 B.C.D. 750, B.L.D. ¶ 72,292 (Bankr. E.D.Pa.1988); *In re Ziets*, 79 B.R. 222, 17 C.B.C. 2d 1160 (Bankr.E.D.Pa.1987).

2. We note that this case is distinguishable from *In re Wilson, supra*. In *Wilson*, the record reflected that the debtor's bankruptcy petition had been filed a few days prior to the date set for the state court hearing on the exceptions filed to the master's equitable distribution report. Judge Fox granted the motion for relief from the automatic stay to enable the state court to resolve the equitable distribution matters, finding that "... it is within the sound discretion of the bankruptcy courts to grant relief from the automatic stay when the bankruptcy petition was filed on the eve of the resolution of pending prepetition litigation." *Id.* at 728. Instantly, no evidence was presented to establish that debtor's bankruptcy petition was filed on the eve of the state court's resolution of the equitable distribution proceeding. Accordingly, the rationale applied by Judge Fox in *Wilson* is not applicable here.