**In re Richard E. McCULLEY and Connie A. McCulley, Debtors.**

**Bankruptcy No. 5–88–00479.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

Jan. 13, 1993.

William L. Knecht, Williamsport, PA, Trustee.

Jayne C. Shinko, Williamsport, PA, for debtors.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

The facts of this case can be summarized as follows.

On July 20, 1988, the Debtors, Richard E. McCulley and Connie A. McCulley, his wife, filed for relief under Chapter 7 of the United States Bankruptcy Code. Among the exemptions listed in Debtors' Schedule B–4 was "913 Menne Alley", which was claimed exempt under the provisions of 11 U.S.C. § 522(d)(1) in the amount of fifteen thousand dollars ($15,000.00).

The first meeting of creditors was conducted on September 20, 1988, by the interim Trustee, William L. Knecht.

On October 19, 1988, the Trustee objected to the Debtors' exemption claim for the reason that the Debtor, Richard E. McCulley had no ownership interest in the real estate and accordingly his exemption claim of seven thousand five hundred dollars ($7,500.00) must fail.

The Trustee's objection was founded on the fact that the real estate in question was legally titled in the name of Connie A. McCulley only. On July 5, 1988, shortly before the bankruptcy was filed, a divorce petition was filed. This, according to Richard McCulley, created a marital interest in favor of Richard McCulley in the real estate of his spouse, Connie McCulley. It is this marital interest that Richard McCulley is attempting to exempt from the claims of their creditors and specifically the Chapter 7 Trustee.

The parties have agreed that this issue can be resolved by stipulation of facts incorporating by reference affidavits of the parties.

By Stipulation, the parties have advised the Court that an equitable distribution Order was entered on December 12, 1990, which provided that a one-half interest in the said real estate situate at 913 Menne Alley, Williamsport, Pennsylvania would be distributed to Richard McCulley.

The parties were subsequently divorced on December 10, 1988 after being married since 1972.

The issue, of course, is whether Richard McCulley can utilize what is known as the residential exemption under 11 U.S.C. § 522(d)(1) by selecting this claim out of the residence legally titled to his then spouse Connie McCulley, when his only interest in the property is the marital interest available to him under equitable distribution rights pursuant to Pennsylvania law.

■ This Court's response to the issue before it can be more easily understood if we appreciate that this case is being jointly administered under the provisions of 11 U.S.C. § 302. Joint administration has the effect of allowing two estates to be administered by one Trustee on the theory that this would allow for more efficient administration. See *House Report* No. 95–595, 95th Congress, 1st Session, 321 (1977); *Senate Report* No. 95–989, 95th Congress, 2nd Session, 32 (1978).

■ The statute makes it clear that the estates are not consolidated unless the Court so determines, 11 U.S.C. § 302(b).

■ Absent a Court Order to consolidate, joint administration has absolutely no impact on the legal rights and obligations of the Debtor, Creditors, or the Trustee.

■ This being the case, it becomes abundantly clear that the claim of Richard McCulley against the property owned by his ex-wife, Connie McCulley, rises no higher than the claims of Connie's other unsecured creditors. This conclusion is required inasmuch as legal title on the date of bankruptcy was in the name of Connie McCulley. The Trustee in Bankruptcy of Connie McCulley, under the "strong arm" provisions of 11 U.S.C. § 544, retains rights that would inherently be superior to the non-titled spouse. *In re Fisher*, 67 B.R. 666 (Bkrtcy.D.Colo.1986).

■ The fee simple interest of the Debtor, Connie McCulley, undisputedly belongs to her estate and the creditors thereof *without regard to the provisions of the Pennsylvania Divorce Law.* See *In re Murray*, 31 B.R. 499 (Bkrtcy.E.D.Pa.1983) at p. 502. On the other hand, Richard McCulley, the non-titled Debtor, has a right to be compensated from his spouse's estate for the value of his share of marital property which is not necessarily any *specific* property. *In re Fisher.* Supra at 669.

■ Accordingly, the Connie McCulley exemption claim in the real estate known as 913 Menne Alley, Williamsport, Pennsylvania is unchallenged and intact in the amount of seven thousand five hundred dollars ($7,500.00). The Trustee of Connie McCulley, nevertheless, is entitled to the excess over the exemption and secured claims, if any, for the benefit of the unsecured creditors of Connie McCulley includ-

ing Richard McCulley due to his unsecured claim in the marital property to such a degree and in such proportion as provided in the Bankruptcy Code.

To the extent that Richard McCulley benefits from this distribution, it seems reasonable to conclude that the exemption available to him under 11 U.S.C. § 522(d)(1) would, in fact, be available to him to protect as much as seven thousand five hundred dollars ($7,500.00) before the creditors of *Richard McCulley* are entitled to share in any part of the Richard McCulley distribution.

■ Nevertheless, in order for Richard McCulley or his creditors to acquire any interest in the Connie McCulley estate, Richard McCulley's rights must become fixed within one hundred eighty (180) days after the filing of the petition pursuant to 11 U.S.C. § 541(a)(5)(B). *Matter of Colin,* 27 B.R. 87 (Bkrtcy.S.D.N.Y.1983).

Section 541(a)(5)(B) reads as follows:

(a) The commencement of a case under section 301, 302, or 303 of this title [11 USCS § 301, 302, or 303] creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree.

The Order of December 21, 1990, which approved equitable distribution between the parties, becomes the obvious date that the Debtor, Richard McCulley, acquired his one half (½) interest in the real estate. That date is obviously in excess of 180 days after the filing of the bankruptcy petition.

The operative date, nevertheless, is the date that Richard McCulley became "entitled to acquire" an interest in the real estate. Clearly, the date of entitlement to

a spouse with regard to marital property is on the date the divorce is filed. In this case that date is July 5, 1988, 23 days before his Chapter 7, bankruptcy was filed. See *In re Wilson,* 85 B.R. 722 (Bkrtcy. E.D.Pa.1988) wherein it was stated that "... the state law right to seek equitable distribution 'vests' at the time the divorce proceeding is commenced and equitable distribution is requested." Id. at 726. Moreover, the interests of each spouse are defined by state law. Id. at 725.

Accordingly, this Court holds that the Debtor, Richard E. McCulley, is entitled to claim his exemption under § 522(d)(1) up to the amount of seven thousand five hundred dollars ($7,500.00) but that distribution can only be made as an unsecured claimant pursuant to a liquidation and a distribution of the assets of Connie McCulley. *Robbins v. Robbins,* 964 F.2d 342 (4th Cir.1992). To the extent that the fund created by the liquidation of Connie McCulley's assets is insufficient to pay all the unsecured creditors of Connie McCulley then the claims of those unsecured creditors, including the claim of her ex-spouse Richard McCulley, shall abate in accordance with the provisions of the Bankruptcy Code.

For the reasons given, the Court issues the attached Order.

### ORDER

For the reasons set forth in the attached Opinion, the Objection of the Chapter 7 Trustee to the exemption claim of Richard McCulley in the real estate known as 913 Menne Alley, Williamsport, Pennsylvania is OVERRULED with the proviso that Richard McCulley's exemption claim is subordinate to the rights of the Trustee to liquidate the real estate for the benefit of all of Connie McCulley's creditors, including Richard McCulley, after full payment of Connie McCulley's exemption claim.

Dated, at Wilkes–Barre, this 13th day of January, 1993.