### In re Ruth C. MILSTEIN, Debtor.

### No. 03–12045 SR.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 15, 2004.

---

Pace Reich, Philadelphia, PA, for Debtor.

Jonathan J. Bart, Silverman, Bernheim & Vogel, George Conway, Office of U.S. Trustee, Philadelphia, PA, for movant.

## OPINION

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction.

Before the Court is the Motion of Mellon Bank, N.A., ("Mellon") seeking relief from the Automatic Stay for cause under 11 U.S.C. § 362(d)(1). An Answer in opposition was filed and a hearing was held on January 8, 2004. Also pending before the Court is Mellon's Motion for a Protective Order with respect to a Notice of Deposition which the Debtor has served upon one of Mellon's attorneys in this case. An Answer in opposition to the request for a protective order was filed and an expedited hearing on that matter was also held on January 8, 2004. For the reasons set forth herein, the automatic stay will be modified and the Motion for a protective order will be granted.

### Background.

Mellon is a secured creditor of the Debtor and her husband, having obtained judgment against them in an action in the Common Pleas Court of Montgomery County, Pennsylvania. The underlying action arose from an apparent scam in which a check from a Nigerian check-fraud ring was deposited in the Milstein joint account at Mellon Bank. Once the check had been provisionally credited by the Bank, the sum of $350,000 was immediately wired from the account at Mellon to an account in a bank in Beruit, Lebanon. The check deposited in the Milstein account was subsequently dishonored, creating a substantial overdraft. The Debtor, Mrs. Milstein, contends that the transfer from the couple's bank account to the Lebanese bank was caused by her husband, acting without her knowledge or consent. Nevertheless, Mellon thereafter instituted litigation against the couple and obtained summary judgment against them, jointly, in the

amount of $400,677.45. The Debtor appealed the entry of this judgment to the Pennsylvania Superior Court, but did not obtain a supersedeas bond. When Mellon thereafter undertook collection efforts, the Debtor responded by commencing this Chapter 11 case.

The bankruptcy case was commenced on February 7, 2003. On February 19, 2003, Mellon moved for dismissal of the case or relief from the automatic stay, arguing that the case had been commenced in bad faith because it was essentially a two party dispute and because it was a filing initiated by the Debtor for the sole purpose of avoiding the need to post a bond in order to obtain a stay of proceedings while prosecuting her appeal. The Debtor did not deny that Mellon's collection pressure prompted her bankruptcy filing, but argued that the filing to stay such efforts while pressing her appeal was legitimate and in good faith. The Debtor also sought, through her filing, an opportunity to somehow pursue recovery of the funds sent to Lebanon.

The dismissal and stay relief motions were withdrawn without prejudice after hearing held March 20, 2003, based largely on the Court's colloquy with counsel for the parties wherein it indicated that, because Mellon was oversecured, it was inclined to give the Debtor a limited opportunity to finalize her pending appeal in the Superior Court and/or obtain return of the money sent to Lebanon.

In the intervening months the Debtor has proposed no plan of reorganization, but has sought, and obtained over objection, two extensions of the exclusive period in which the Debtor alone may file a plan of reorganization and attempt to obtain creditor acceptance thereof. Significantly, in connection with the Debtor's second request (for an extension of plan filing exclu-

sivity through December 2, 2003) the Debtor agreed that if she were unable to file a reorganization plan by December 2, 2003 she would make no further requests for another extension. The December 2, 2003 deadline has, of course, come and gone, but to date no plan of reorganization has been filed.

In the intervening months the Debtor also requested and was granted leave to obtain Lebanese counsel to assist her in attempts to recover the funds sent to Lebanon. Unfortunately, to date there has been no recovery.

Finally, and of particular significance, on September 5, 2003, the Pennsylvania Superior Court ruled against the Debtor in her appeal of the judgment entered in favor of Mellon. No petition for allocatur to the Pennsylvania Supreme Court has been filed, making the Common Pleas Court judgment final and non-appealable.

On December 12, 2003 Mellon filed the present motion for relief from the automatic stay. In its Motion Mellon recites much of the above background and argues that the Debtor has, at this juncture, been given a reasonable opportunity to deal with her situation. Mellon stresses also that the Debtor has made no payments to it with respect to its secured claim since the inception of the case and, of significance, that because Mellon is an over secured creditor, based on the schedules filed by the Debtor, the only plan which can be confirmed in this case is one which pays Mellon in full.

The Debtor's response to Mellon's motion is two fold. First, the Debtor notes that on December 17, 2003 she filed an objection to the Proof of Claim filed by Mellon herein. The basis for the objection is that the judgment debt includes an unreasonable amount of attorneys fees. The Debtor argues that the bankruptcy stay should remain in effect until her objection

to Mellon's claim has been resolved. The Debtor also maintains that Mellon has been engaged in its own attempts to recover the funds sent to Lebanon, although the Debtor is not aware of the precise nature of Mellon's activity. The Debtor asserts, nevertheless, that her own efforts to recover the funds in Lebanon have been undermined by Mellon's efforts, whatever they may have been. On this score, the Debtor, as noted above, has noticed the deposition of one of the attorneys representing Mellon herein. In her pleading and at the hearing on January 8, 2004, the Debtor argued that Mellon's counsel reneged on a promise by Mellon to provide the Debtor's Lebanese counsel with a power of attorney to represent Mellon in furtherance of securing release of the funds in Lebanon. Mellon's counsel argues that the deposition notice should be quashed, since anything counsel would be asked would be subject to the attorney/client privilege. More to the point, however, Mellon argues that the question of the recovery effort, including Mellon's cooperation of lack of cooperation therewith, is collateral to the issue of its entitlement to stay relief, particularly since Mellon has no obligation to assist the Debtor in the first place.

The Court finds Mellon to have the better part of the issues *sub judice* and will grant both its motion for relief from the stay and its request for a protective order.

*Discussion.*

 Whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d) is within the discretion of the bankruptcy court. *See Matter of Holtkamp,* 669 F.2d 505, 507 (7th Cir. 1982); *In re Shariyf,* 68 B.R. 604, 606–607 (E.D.Pa.1986); *In re Colonial Center, Inc.,* 156 B.R. 452, 459 (Bankr.E.D.Pa.1993). This determination is to be made by examining the totality of the circumstances.

*See In re Wilson,* 85 B.R. 722, 728 (Bankr. E.D.Pa.1988) ("[T]he question of relief from the stay must be decided on a case by case basis.") When the movant's request is predicated upon the existence of "cause" under § 362(d)(1) this is particularly appropriate, as the Bankruptcy Code provides no definition of the term. *In re Robbins,* 964 F.2d 342, 345 (4th Cir.1992).

■ Section 362(a)(1) bars "the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was . . . commenced before the commencement of the case under this title...." (11 U.S.C. § 362(a)(1)). Section 362(d) provides for relief from the stay:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization[.]

11 U.S.C. § 362(d)(1)–(2), and allocates the burden of proof on that determination as follows:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g). Courts have interpreted subsection (g) as requiring that the movant establish a prima facie case that cause exists to lift the stay. *See In re Simpson,* 140 B.R. 857, 860 (Bankr. E.D.Pa.1992); *In re Causa,* 93 B.R. 409, 411 (Bankr.E.D.Pa.1988); *Wilson, supra* at 728. One court has defined this initial burden as follows:

> Where, as here, relief from stay is grounded in cause, based on lack of post-confirmation maintenance payments, the moving creditor must establish a prima facie case supporting the cause for relief from the automatic stay. Such a prima facie case must include: (1) a showing of an obligation owing by the debtor to the creditor; (2) a valid security interest as to which relief from stay is sought,[citation omitted] (3) the cause justifying relief from stay, such as the post-petition or post-confirmation default.

*In re American Sweeteners, Inc.,* 1999 WL 1068446 *2 (Bankr.E.D.Pa.) citing *In re Kim,* 71 B.R. 1011, 1016 (Bankr.C.D.Ca. 1987).

■ The Court finds that Mellon has met its initial burden. On this score, Mellon has demonstrated that it holds a final non-appealable judgment lien against the Debtor's assets in the sum of $406,677.45. This bankruptcy case, meanwhile, is now nearly a year old. The case is, and has always been, basically a two party dispute. The Debtor has been unable in the course of this case to secure the return of the funds in Lebanon, and the state court appeal she sought time herein to pursue has been resolved adversely to her. No adequate protection payments have been made during the course of the case, and the Debtor's exclusivity right has expired by agreement. No plan of reorganization is pending and the Debtor is a homemaker whose income, as scheduled, consists solely

of social security benefits. Regrettably, but clearly, this unrebutted record establishes cause for modification of the automatic stay. The Debtor's responses do nothing to alter the fact.

■ On this score, the Debtor's challenge herein to the amount of Mellon's Bank's proof of claim is futile, as the judgment is immune from collateral attack under the *Rooker/Feldman* doctrine. As a general rule, lower federal courts are without power to sit in direct review of state court decisions. *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983). "The *Rooker/Feldman* doctrine[,] ... derived from two Supreme Court cases decided sixty years apart, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and ... *Feldman, [supra,] [and]* ... expresses the principle that 'federal trial courts have only original subject matter, and not appellate, jurisdiction [and] ... may not entertain appellate review of [or collateral attack on] a state court judgment.'" *In re Singleton,* 230 B.R. 533, 536 (6th Cir. BAP 1999)(citing *In re Johnson,* 210 B.R. 1004, 1006 (Bankr.W.D.Tenn.1997)). Moreover, if an issue presented to a federal court is "inextricably intertwined" with the state court's decision, and in ruling on the issue, the district court is in essence being called upon to review the state court decision, the district court is similarly without jurisdiction to consider the matter. *Feldman,* 460 U.S. at 483, 103 S.Ct. at 1314. A claim is inextricably intertwined with a state court decision if the relief requested from the federal court would effectively reverse the state court or void its ruling. *In re Siskin,* 258 B.R. 554, 564 (Bankr.E.D.N.Y.2001)(*quoting In re Hatcher,* 218 B.R. 441, 447 (8th Cir. BAP 1998), *aff'd,* 175 F.3d 1024 (8th Cir.1999)).

■ The Debtor emphasizes that Mellon's state court judgment was a summary judgment. However, the judgment, including the amount thereof, has now been upheld on appeal. Unquestionably, the *Rooker/Feldman* doctrine is implicated here, as a challenge to the amount of the judgment perforce requires the Court to revisit and review the trial and appellate court's rulings.[1] The Court likewise notes, but finds nothing in the record to support, the Debtor's suspicions as to sinister conduct on the part of Mellon vis-a-vis the funds in Lebanon. The Debtor's innuendo is not evidence, and standing alone it is insufficient to resist Mellon's demand for the relief its seeks. On this score, the Court is unfortunately convinced that the Debtor's desire to depose Mellon's attorney is little more than a delay tactic. As Mellon's counsel correctly observes, communications between Mellon and its attorneys are privileged. The request for a protective order will therefore be granted. If the Debtor believes that Mellon has breached an agreement or duty to assist her in her efforts to recapture the monies in Lebanon, it would seem that the more appropriate party to inquire of would be a representative from Mellon. That said, there remains nothing in the record but speculation on the Debtor's part that Mellon has done anything untoward. The Court holds that this fails to rebut Mellon's prima facie case and establish the "absence" of cause for stay relief under § 362(d)(1) of the Bankruptcy Code.

In sum, although the Debtor's circumstances are manifestly unfortunate, the

---

**1.** Insofar as the Debtor continues to challenge the attorneys fee component of Mellon's judgment, the Court observes that the *Rooker/Feldman* doctrine applies even where a state court judgment may be in error, a question which the Court takes no position on here. *See In re Singleton, supra,* 230 B.R. at 538.

dictates of the law compel the granting of Mellon's motion. So constrained, the Court will grant the motion.

An appropriate Order follows.

### ORDER

AND NOW, upon consideration of the Motion of Mellon Bank, N.A. for Relief from the Automatic Stay and the Motion of Mellon Bank for a Protective Order with respect to a Notice of Deposition served upon one of Mellon's attorneys, the Answer in opposition to each Motion filed by the Debtor, and after hearing held January 8, 2004, it is hereby:

ORDERED, that for the reasons stated in the accompanying Opinion, the Motion of Mellon Bank, N.A. for relief from the Automatic Stay shall be and hereby is Granted; and it is further:

ORDERED, that the Motion of Mellon Bank for a Protective Order with respect to a Notice of Deposition served upon Mellon's attorneys shall also be and hereby is Granted.